UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEONCE P. ARCENEAUX II** | **CIVIL ACTION** |
| **VERSUS** | **NO: 13-4841** |
| **BLANCHARD CONTRACTORS, ET AL.** | **SECTION: "G" (4)** |

## ORDER

Before the Court is Defendant, Blanchard Contractors, Inc.'s ("Defendant") **Blanchard Contractor's Motion for More Definite Statement Pursuant to Rule 12(e) (R. Doc. 8)** seeking an order compelling Plaintiff, Leonce P. Arceneaux ("Plaintiff") to make a more definite statement of his injuries, if any, he sustained as a result of the incident/occurrence described in his complaint. *Id.* The motion was unopposed. (R. Doc. 32). The underlying motion was heard on the briefs on September 11, 2013.

### I.   Background

Plaintiff filed the instant action on June 19, 2013, in this Court pursuant to 28 U.S.C. § 1331 and 46 U.S.C. § 30104 ("the Jones Act"). (R. Doc. 1). Plaintiff alleges that he was employed by Defendant as a crane boat operator and as a spud boat captain. *Id.* Plaintiff alleges that on or around June 21, 2012, he was assigned to remove "old paint from a platform [named K & N Block 3 – Bay Marchan] [allegedly] owned by Chevron USA, Inc., located . . . southeast of the Port Fourchon ship channel." *Id.* at 2.

Plaintiff alleges that during the paint removal process, he was allegedly exposed to, and "inhaled toxic-type fumes and / or smoke that emanated from the old paint layers built up in the platform." *Id.* Plaintiff's complaint then states that the "casualties that occurred as a direct result of the negligence of Defendants, Blanchard Contractors, Inc., and / or Chevron, USA, Inc., . . . in failing to provide a safe work place, in failing to provide equipment aboard the vessel, and ordering [plaintiff] to work in unsafe conditions, as well as other acts of negligence . . ." *Id.* at 3. Plaintiff also states that he has incurred medical expenses for injuries sustained as a result of the "subject incident" and has not yet been reimbursed or paid maintenance and cure. *Id.* at 4. Plaintiff provides no further description of the alleged accident or injuries he sustained therein. *Id.*

Accordingly, Defendants filed the instant motion seeking an order from this Court compelling Plaintiff to make a more definite statement of his injuries, if any, he sustained as a result of the incident/occurrence described in his complaint. *Id.*

## II.     Standard of Review

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so expressly vague, ambiguous [or unintelligible] that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Although Rule 12(e) motions are available as a remedy, motions for more definite statements are generally disfavored because "of the liberal pleading standard set forth in Rule 8." *Cousin v. Small,* No. 00-0069, 2000 WL 1100384, at *1 (E.D. La. Aug. 4, 2000). Rule 8 simply calls for a "short and plain statement of the claim" to give the defendant fair notice of the claim and the grounds upon which it rests. *Dubuque Barge & Fleeting Serv., Inc., v. Plaquemines Parish Gov.,* No. 10-0516, 2010 WL 1710372 at *2 (E.D. La. April 23, 2010); *citing Acker v. Bishop,* No. 06-0710, 2006 WL 1895484, at *1 (W.D. La. Jul 10, 2006); Fed. R. Civ. P. 8; *see also General Star Indem. Co. v. Vesta Fire Ins.*

*Co.,* 173 F.3d 946, 951 (5th Cir. 1999)(reasoning that Rule 8 only requires a short and plain statement of sufficient to (1) provide (1) provide notice of the circumstances giving rise to the claim or (2) set forth sufficient information to outline the claim elements or permit inferences to be drawn that these elements exist.").

Rule 12(e) provides a remedy for unintelligible pleadings, and thus is only successfully invoked where (1) a responding party cannot reasonably respond to a pleading or (2) the pleading does not provide sufficient notice. *Dubuque,* 2010 WL 1710372 at *2; *Blum v. Roberts,* No. 06-2307, 2006 WL 2135457, at *2 (E.D. La. Jul. 28, 2006). Therefore, a motion for a more definite statement is inappropriate where the parties can discover additional information through discovery. *Id.* Importantly, a party may not use a Rule 12(e) motion as a substitute to discovery. *Who Dat Yat Chat, LLC v. Who Dat, Inc.,* No. 10-1333 c/w 10-2296, 2012 WL 2087438 (E.D. La. June 8, 2012); *see also Gibson v. Deep Delta Contractors, Inc.,* No. 97-3791, 2000 WL 28174, at *6 (E.D. La. Jan. 14, 2000).

Under Rule 12(e), a motion for a more definite statement "must be made before filing a responsive pleading and must point out the defects complained of and the details desired." Furthermore, if the court orders a more definite statement and the non-moving party fails to comply within ten (10) days after the order, or another court-determined time, then the court may strike the pleading or issue an appropriate order. *Id.*

**III.    Analysis**

Defendant argues that Plaintiff's claims should be amended in accordance with Rule 12(e) for failing to provide a general description of the injury or harm that Plaintiff allegedly sustained as a result of his alleged "inhalation of toxic-type smoke or fumes" (R. Doc. 8-1, p. 1).

Rule 8 requires a party provide a "short and plain statement" of the claim showing that the

pleader is entitled to relief, so as to give the opposing party notice of the claims, and provide an adequate opportunity to respond to said claims. *Dubuque,* 2010 WL 1710372 at *2; Fed. R. Civ. P. 8(a). Only if a pleading is unintelligible or so vague or ambiguous that ascertaining the relief is unduly prejudicial to the defendant, is a Rule 12(e) motion for more definite statement appropriate. *Coleman v. H.C. Price Co.,* No. 11-2937, 2012 WL 1118775, at *6 (E.D. La. April 3, 2012).

"Notice pleading and not fact pleading, as in state court, is all that is required under the Federal Rules of Civil Procedure." Simoneaux v. Jolen Operating, Co., No. 04-2467, 2004 WL 2988506, at *1 (E.D. La. Dec. 15, 2004). The United States Supreme Court has emphasized the liberality and broad interpretation of pleadings under Rule 8, so as not to require "hypertechnical code-pleadings." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). However, even though "a complaint does not need 'detailed factual allegations . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

After considering the arguments of the parties, the Court finds that as written, Plaintiff's complaint does not give Defendants adequate notice of the injuries that he allegedly sustained, nor does it provide any information pertaining to the incident which allegedly caused his injuries. As stated in *Bitte v. United Cos. Lending Corp.*, Plaintiff should "briefly explain [the] who, what, when, where, why, and how" of each Defendant's wrongdoings, and how these alleged wrongdoings led to Plaintiff's injuries, and the extent of the injuries resulting from his alleged toxic fume inhalation. *See Verret v. North Star Marine, LLC,* No. 09-3442, 2009 WL 3614502, at *2 (E.D. La., Oct. 28, 2009); *citing Bitte v. United Cos. Lending Corp.,* No. 06–5648, 2006 WL 3692754, at * 1 (E.D. La. Dec. 11, 2006)*.*

Furthermore, it is not clear from the complaint which Defendant's negligence allegedly contributed to the incident or injuries that were sustained by the Plaintiff, and which Defendants were responsible for the activities which allegedly caused Plaintiff's injuries. Therefore, the Court finds that Plaintiffs' should amend their complaint pursuant to Rule 12(e).

Accordingly,

**IT IS ORDERED** that Defendant, Blanchard Contractors, Inc.'s ("Defendant") **Blanchard Contractor's Motion for More Definite Statement Pursuant to Rule 12(e) (R. Doc. 8)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff, Leonce P. Arceneaux II, ("Plaintiff") amend his complaint no later than **fourteen** days of this written order.

New Orleans, Louisiana, this 20th day of September 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**